FILED
2014 Jun-04 PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DEBRA BOND ESTES,** | ) |
| | ) |
| **Plaintiff,** | )   Case No: CV-14-SLB-994-S |
| | ) |
| vs. | ) |
| | ) |
| **BETTYE ANN ANGLIN** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO DISMISS APPEAL

COMES NOW Appellees Forrest and Betty Ann Anglin and moves this Court to dismiss the appeal filed by Appellant Debra Bonds Estes in violation of F.R.C.P. 11. As grounds therefore, Appellees state as follows:

1. This appeal, like all the litigation against the other members of her immediate family and the entities her family constructed to avoid liability, is the most abusive pleading encountered by the undersigned counsel in over thirty-eight years of litigation practice. Like all of the multiple trials, bankruptcies, and appeals before, this appeal is filed solely for the purpose of delay, hindrance, harassment, and to avoid payment of a single debt that has been pursued against this family since 2001.

2. To understand the massive credibility problems associated with Appellant and her family, and to demonstrate the extent to which they will file adverse pleadings, it is instructive to review passages from the Orders of the state trial court judge and the bankruptcy judge:

   a. Judge Vance first described Debra Estes and her family in the trial court Order imposing a $1,000,000.00 judgment against her personally on August 16, 2007 as follows:

>Also determative to the Court's decision was the opportunity to observe the witnesses and assess the credibility of each. In this regard, the Court has great concerns about the credibility of several witnesses. For example, the credibility of Jamie Estes, the husband of the Defendant, is particularly questionable given his admission that he has prepared false W2 forms, has before been convicted of bank fraud, and has failed to file federal income tax returns notwithstanding evidence of sufficient income to mandate such filings. Witness Cal Wallis also raised significant credibility issues in view of stark contradictions between his trial testimony and prior sworn testimony. Finally, and based on personal evaluations of the Defendant, the Court regards as suspect her testimony as well. Consideration of the evidence is with these credibility determinations in mind. (Exhibit 1, attached)

  b. Judge Cohen entered an Order on March 6, 2014, page 44 as follows:

>One of the reasons the Court denied the debtor a discharge in her last case, Case No.: 02-01867 was because it found that a "diamond necklace" was part of the "material <u>information</u> [the Debtor's omitted] from the bankruptcy schedules they filed [that case] on March 27, 2002. <u>Memorandum Opinion</u> at 73, AP 02-00209, AP Docket No. 33. As we know now, that diamond necklace was the same diamond necklace that is the subject of the current case and the object of the insurance asset the Debtor should have listed, but did not, when she filed the current case…

>As the Court in <u>Williamson</u>, explained, courts should not expect debtors to confess to fraudulent intent, but as the Court in <u>Holmes</u> and <u>Sowers</u> explained, "A pattern of omissions on the part of the debtor is often sufficient to find fraudulent intent….." <u>Holmes</u> at 4, and "Just one wrongful act may be sufficient to show actual intent under §727 (a)(2). However, a continuing pattern of wrongful behavior is a stronger indication of actual intent." <u>Sowers</u> at 157.

>Did this Court's last Order denying the debtor a discharge mean anything? How many times with the Debtor, or her lawyer, not list the same necklace? What else could this Court have done to explain the consequences of the failure to list an asset in a bankruptcy case? (Exhibit 2, attached)

3. Debra Estes has twice been denied a bankruptcy discharge, and both bankruptcy petitions could have granted her a discharge, and relief from the judgment debt she owed to the Anglins. Judge Cohen, the Bankruptcy Judge, evaluated the witnesses, as did Judge Vance, the

2

state trial court judge, and came to the same conclusion, that is, Debra Estes and her family will do or say anything under oath in order to avoid paying this judgment.  It is high time that the family dilatory tactics be ended by promptly dismissing this appeal.  It is the height of disregard for the justice system for Debra Estes to once again force the Anglins to spend time, money and effort to file briefs and wait through significant delay in order to secure the opportunity to levy on the Estes assets for a payment of multiple judgments, the first of which was obtained over twelve years ago.

      4.     As in the case below, Each and every individual and entity who has been pursued to judgment in multiple civil court trials has always filed bankruptcy, and discharge has always been denied.  Litigation over this debt proceeded first against Print Solutions, Inc. and the two remaining individual members of that company, Jamie and Debra Estes.  The Estes' fraudulently transferred Print Solution assets to Print South, LLC and then to Karson Enterprises, successively, requiring litigation against each entity.  Individual cases were pursued against Jamie and Debra Estes, her son, Cal Wallis, and her daughter, Kerri Wallis, and each entity judgment required efforts to pierce the corporate veil to reach the individual defendants personally.  All judgments were followed by filings in bankruptcy court, and, thereafter Adversary Proceedings were tried to conclusion and discharge in bankruptcy was denied.  The underlying case was also appealed to the Alabama Supreme Court during pendency of bankruptcy, but that appeal was voluntarily dismissed when the bankruptcy clerk inadvertently and temporarily closed the bankruptcy file.  In addition sanctions were pursued against one of their attorneys, resulting in a judgment against the attorney for $15,000.00.  That judgment also resulted in a bankruptcy filing by the attorney and the judgment was settled.

5. During the pendency of her second bankruptcy below, Debra Estes and her husband refused to pay the mortgage on their house in what was believed to be an improper effort to drain equity from the house in order to preclude levy.  Appellees, on information and belief, believe the Estes' will again drain equity by refusing to pay their mortgage and will attempt to move personal property if this appeal continues.

6. It is not an understatement to state that Debra Estes, and her entire family, are willing to say anything under oath, and to do anything, regardless of its legality, in order to avoid exposing their house and personal assets to levy, including, especially, during this appeal.  It appears clear that the appeal is filed solely for the purpose of delay to avoid paying the judgment.  The Anglins were ready to execute on the sale of this house in 2007 because Debra Estes refused to file a supersedes bond during her appeal, but Debra Estes and her family have put many years between that judgment and judgment day by continuing to raise incredibly spurious issues.  Nevertheless, and despite an unbroken string of victories, each ultimate ruling has resulted in only the next step in litigation by this family.  It is now time for their delay effort to end.  Their conduct, and the conduct of their attorneys has been what could only be described as the essence of Rule 11 violations.  It is, therefore, appropriate that this appeal be dismissed with prejudice, and that costs be awarded for fees and costs associated with the appeal against both the party and her attorney.

WHEREFORE, PREMISES CONSIDERED, Appellees move this Court to dismiss this appeal with prejudice and to award appropriate sanctions.

    _/s/ James F. Walsh_____
    James F. Walsh (WAL003)
    Attorney for Bettye Ann Anglin

**OF COUNSEL:**

RUMBERGER, KIRK AND CALDWELL, PA, P.C.
Lakeshore Park Plaza
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6937
Telephone:  (205) 327-5550
Facsimile:  (205) 326-6786
Email:  jwalsh@rumberger.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon all counsel of record on this the 4th day of June, 2014, electronically as follows:

Ted Pearson, Esquire
P. O. Box 55115
Birmingham, AL 35255-5115

**Email:**  trpearson@gmail.com

           ___/s/ James F. Walsh_____
           OF COUNSEL

6894030.1