# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEBRA BOND ESTES,** | } |
| Debtor-Defendant/Appellant, | } |
| v. | }  CASE NO. 2:14-cv-994-SLB |
| **BETTYE ANN ANGLIN,** | } |
| Creditor-Plaintiff/Appellee. | } |

## MEMORANDUM OPINION

This case is on appeal from an order of the United States Bankruptcy Court for the Northern District of Alabama. Appellant Debra Bond Estes was the debtor-defendant in the underlying adversary proceeding, and appellee Bettye Ann Anglin was the creditor-plaintiff. This case is presently pending before the court on appellee's Motion to Dismiss Appeal, (Doc. 3), and Brief of Appellant and Renewed Motion to Dismiss Appeal, (Doc. 7), and appellant's Motion for Extension of Time, (Doc. 4).[1] Upon consideration of the record, the submissions of the parties, and the relevant law, the court finds that appellee's Motion to Dismiss Appeal, (Doc. 3), is due to be denied, appellee's Brief of Appellant and Renewed Motion to Dismiss Appeal, (Doc. 7), is due to be granted in part and denied in part, and appellant's Motion for Extension of Time, (Doc. 4), is due to be granted.

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in this court's record on appeal. Reference to a bankruptcy court document number, ("B.C. Doc. ___"), refers to the number assigned to each document as it was filed in the bankruptcy court's record of the underlying bankruptcy action, Case No. 07-4648-BGC-7.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As appellant and appellee have an extensive litigation history, (*see* B.C. Doc. 288 at 1), the court will review only the procedural history directly relevant to the pending motions in this case. Appellant has filed chapter 7 bankruptcy on at least three occasions,[2] two of which are relevant here. (*See id.* at 4-9.) Appellant and her husband filed a joint bankruptcy petition in 2002, and appellee commenced an adversary proceeding at that time, seeking to have certain debts owing to appellee ruled nondischargeable. (*Id.* at 9.) The Bankruptcy Court denied appellant a discharge in that case pursuant to 11 U.S.C. § 727(a)(4)(A) because appellant failed to list a diamond necklace as an asset on her bankruptcy schedules. (*Id.* at 9, 12.)

Appellant filed the underlying bankruptcy petition on October 15, 2007, and appellee filed the underlying adversary case against appellant on November 30, 2007. (*Id.* at 9.) In the underlying adversary case, appellee argued in her initial complaint that a judgment against appellant and in appellee's favor from 2002 was nondischargeable under 11 U.S.C. § 523(a)(10)[3] because the judgment resulted from a debt that existed

---

[2] It is unclear whether a joint bankruptcy petition filed in 1986 by James C. Estes and Debbie Estes was filed by Debra Bond Estes, the appellant in this case. (*See* B.C. Doc. 288 at 5.)

[3] Section 523(a)(10) provides:

> A discharge under section 727, 1141, 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the

2

before appellant filed the 2002 bankruptcy case, in which she was denied a discharge. (*See id.* at 13.) The Bankruptcy Court disagreed and granted appellant's motion for summary judgment on that issue. (*Id.* at 19.) However, the Bankruptcy Court permitted appellee to amend her complaint to include a claim under 11 U.S.C. § 727(a)(2)(B).[4] (*Id.* at 24.) In considering appellee's claim, the Bankruptcy Court ruled that appellant was barred from receiving a discharge pursuant to § 727(a)(2)(B) because appellant did not list an insurance claim for a lost diamond necklace on her bankruptcy schedules. (*Id.* at 45.)

A Notice of Appeal was filed in this court on May 30, 2014. (Doc. 1.) Thereafter, appellee filed a Motion to Dismiss Appeal, (Doc. 3), citing Federal Rule of Civil Procedure 11 as grounds. After the fourteen day deadline for filing a brief under Federal Rule of Bankruptcy Procedure, Rule 8009[5] had passed, appellant filed a Motion for

---

> Bankruptcy Act in which the debtor . . . was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title . . . .

[4] Section 727(a)(2)(B) provides:

> The court shall grant a debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed . . . property of the estate, after the date of the filing of the petition.

[5] Amendments to the Federal Rules of Bankruptcy Procedure took effect on December 1, 2014. Because the procedural history in this case occurred before the amendments took effect, the court refers to the former version of the Rules in this

Extension of Time, (Doc. 4), citing counsel's failure to renew his admission to the Federal District Court as the reason for the delay. Subsequently, appellant filed a response to appellee's Motion to Dismiss and a brief supporting the appeal. Appellee then filed Brief of Appellant and Renewed Motion to Dismiss Appeal, (Doc. 7), in which she moves to strike Brief in Support of Debtors Appeal, (Doc. 6), for appellant's failure to comply with Federal Rule of Bankruptcy Procedure, Rule 8010, and renews her motion to dismiss the appeal. Appellant then filed Brief of the Appellant, (Doc. 8).

## DISCUSSION

**A. Appellee's Motions to Dismiss Appeal**

Appellee moves to dismiss the appeal with prejudice pursuant to Federal Rule of Civil Procedure 11 and requests that the court award sanctions, costs, and attorneys' fees. (Docs. 3 and 7.)

Three types of conduct warrant Rule 11 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; [and] (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir.

---

opinion. *See Current Rules of Practice & Procedure*, UNITED STATES COURTS, http://www.uscourts.gov/RulesAndPolicies/rules/current-rules.aspx (last visited Jan. 6, 2015).

1995)) (internal quotations omitted). To determine whether Rule 11 sanctions are warranted in a particular instance, "a court . . . first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Id.*

Appellee claims that appellant filed an appeal "without merit," (Doc. 7 ¶ 4), and "solely for the purpose of delay to avoid paying the judgment" appellant owes appellee, (Doc. 3 ¶ 6; *see* Doc. 7 ¶ 4). Appellant raises three issues on appeal: "(1) [w]hether the bankruptcy judge erred in allowing appellees to amend their Adversary complaint four years after the original filing[;] (2) [w]hether the bankruptcy judge erred in stating a non-filed claim constituted a concealment of an asset[;] (3) [w]hether the bankruptcy judge misapplied law that involved a debtor who possessed a fur coat and did not list it as tantamount to Plaintiff not listing a claim she chose not to file and time to file the claim by normal policy standards had expired." (Doc. 8 at 5.) To determine whether appellant filed an appeal for an improper purpose, the court must first consider whether the issues raised on appeal are "objectively frivolous." Without ruling on the merits of the issues appellant raised, the court finds that the appeal is not objectively frivolous and does not warrant dismissal or monetary sanctions under Rule 11. In an Order entered contemporaneously with this Memorandum Opinion, the court will grant appellee time to respond to the appeal.

### B. Appellant's Filings

Appellant filed a Motion for Extension of Time, (Doc. 4), and subsequently filed two briefs: Brief in Support of Debtors Appeal, (Doc. 6), and Brief of the Appellant, (Doc. 8). Appellee filed Brief of Appellant and Renewed Motion to Dismiss Appeal, (Doc. 7), in which she argues that Brief in Support of Debtors Appeal, (Doc. 6), should be dismissed for failure to comply with Federal Rule of Bankruptcy Procedure, Rule 8010, which provided that the appellant's brief must contain a properly formatted table of contents, a statement of the basis for appellate jurisdiction and the standard of review, a statement of the issues presented for appeal, a statement of relevant facts, an argument, and a brief conclusion, among other requirements. Fed. R. Bankr. P. 8010(a)(1) (amended Dec. 1, 2014). Appellee is correct that Brief in Support of Debtors Appeal, (Doc. 6), does not comply with Rule 8010, as it does not contain a table of contents, the basis of appellate jurisdiction, the standard of review, a statement of the issues being presented for review, or a brief conclusion. Accordingly, Brief of Appellant and Renewed Motion to Dismiss Appeal, (Doc. 7), will be granted as to appellee's motion to strike Brief in Support of Debtors Appeal, (Doc. 6). The remaining question is whether it is proper to grant appellant's Motion for Extension of Time, (Doc. 4), thereby allowing Brief of the Appellant, (Doc. 8), to serve as appellant's brief.

At the time appellant's brief became due, Federal Rule of Bankruptcy Procedure, Rule 8009(a)(1) stated, "The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009(a)(1) (amended Dec.

1, 2014). Federal Rule of Bankruptcy Procedure, Rule 9006 governs extensions for filings on appeal:

> (b) Enlargement
>
> > (1) In general
> >
> > Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

Because appellant moved for an extension to file the appeal brief after the time for filing had run, the court must determine whether appellant's untimely motion and filings resulted from "excusable neglect." In rejecting a stricter interpretation of "excusable neglect" for a more flexible standard, the Eleventh Circuit adopted the Supreme Court's holding that courts should determine what constitutes excusable neglect by:

> tak[ing] account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct.

1489, 1498, 123 L.Ed.2d 74 (1993)) (internal quotations omitted).

These factors weigh in favor of granting appellant's motion to extend the time for filing a brief. First, appellee will not be prejudiced by the court allowing appellant to submit a brief beyond the time for filing such briefs because the court will provide appellee time to respond to the arguments presented in appellant's brief. Regarding length of the delay and its potential impact on judicial proceedings, the court notes that appellant filed a brief compliant with Rule 8010 one month after the brief was due and that this delay did not significantly affect the judicial proceedings in this case. Counsel for appellant caused the delay by failing to pay the necessary fee to remain admitted to practice in the Federal District Court. Because of this failure, counsel did not learn that appellant's bankruptcy appeal transferred to the District Court for the Northern District of Alabama in time to comply with Rule 8010. While this failure was within the control of appellant's counsel, counsel does not appear to have acted in bad faith. Appellant's Motion for Extension of Time, (Doc. 4), will be granted.

## CONCLUSION

Appellee's Motion to Dismiss Appeal, (Doc. 3), is due to be denied. Appellee's Brief of Appellant and Renewed Motion to Dismiss Appeal, (Doc. 7), is due to be granted as to appellee's motion to strike Brief in Support of Debtors Appeal and denied as to appellee's motion to dismiss the appeal. Appellant's Motion for Extension of Time, (Doc. 4), is due to be granted. An Order will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 13th day of January, 2015.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE